IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MARGRET MARY SULZBACH, as Personal Representative of the Estate of Patricia Marie Kessler, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CV 120-091 |
| AGGRESSOR ADVENTURES, LLC; WAYNE WORKS MARINE, LLC, d/b/a Aggressor Adventures, LLC; and WAYNE WORKS, LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

_____

**O R D E R**
_____

The parties filed a Rule 26(f) Report containing a request to stay discovery. (Doc. no. 16, ¶¶ 5, 8.) Plaintiff requests a stay pending resolution of the motion to remand to state court, (doc. no. 8), and Defendants request a stay pending resolution of the motion to dismiss, (doc. no. 9). As explained below, the Court **GRANTS** the request for a stay and **DIRECTS** the **CLERK** to terminate the motion associated with the 26(f) Report, (doc. no. 16).

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with

discovery.  It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at both Plaintiff's and Defendants' motions, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case," either by way of remand to state court or outright dismissal of all claims in favor of a court in Egypt.  When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to remand and the motion to dismiss.  See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*).

Thus, the Court **STAYS** all discovery in this action pending resolution of both Plaintiff's and Defendants' pending motions, (doc. nos. 8, 9).  Should any portion of the case remain in federal court after resolution of the motions, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling.  In the event the presiding District Judge, in his ruling on the pending motions, provides further instructions to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling.

SO ORDERED this 25th day of August, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA